UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELLIOTT BOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV697 FRB |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled guilty to arson on December 4, 1997.  See Bott v. State, 353 S.W.3d 404, 405 (Mo. Ct. App. 2011) (affirming dismissal of postconviction relief motion).  The court suspended the imposition of a five-year prison sentence and placed petitioner on parole.  Id. at 406.  On October 4, 2001, the court revoked plaintiff's parole "for threatening officers of the court an consuming alcoholic beverages."  Id. at 407.  The court sentenced petitioner to five years' imprisonment. Id.

Petitioner's sentence was discharged on June 5, 2009, and he was released from incarceration.  See Bott v. State, 307 S.W.3d 223, 225 (Mo. Ct. App. 2010)

(remanding dismissal of postconviction relief motion).  Petitioner does not allege that he is on probation or parole as a result of the 1997 conviction

Petitioner is currently detained in the Laclede County Jail due to a charge of driving while intoxicated.  State v. Bott, 11LA-CR00871 (26th Jud. Cir.).

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Where the sentence under challenge has fully expired, the custody requirement is not met.  Id.  The custody requirement is jurisdictional.  Id.

Because it appears that petitioner is no longer in custody on the 1997 conviction, the Court will order him to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing, no later than **May 30, 2012**, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will summarily dismiss this action.

Dated this 30th day of April, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE